Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200326-73853
DATE: June 30, 2021

ORDER

Entitlement to an effective date prior to June 8, 2018, for the grant of service connection for tinnitus is denied.

FINDINGS OF FACT

1. In a November 2007 rating decision, service connection for tinnitus was denied. The Veteran was notified of the decision in correspondence issued the same month. Although the Veteran appealed other issues included in that rating decision, he did not file a notice of disagreement with respect to the denial of service connection for tinnitus. No new and material evidence was not submitted within a year after the decision. Therefore, that decision became final.

2. Following the November 2007 rating decision, VA received an intent to file a claim on June 8, 2018, followed by a formal claim of service connection for tinnitus in November 19, 2018.

CONCLUSIONS OF LAW

1. The November 2007 rating decision is final. 38 U.S.C. § 7105(c) (2012); 38 C.F.R. § 20.302 (2018) (redesignated § 19.52(a), effective February 19, 2019).

2. The criteria for entitlement to an effective date prior to June 8, 2018, for the grant of service connection for tinnitus have not been met. 38 U.S.C. §§ 5101, 5110 (2012); 38 C.F.R. §§ 3.1, 3.155, 3.160, 3.400 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1968 to July 1970.

A rating decision was issued under the legacy system in December 2018 and the Veteran submitted a timely notice of disagreement. In February 2020, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The Veteran opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a March 2020 VA Form 10182, Decision Review Request: Board Appeal. Therefore, the February 2020 SOC is the decision on appeal. 

In his March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the February 2020 SOC. 38 C.F.R. § 20.301.

Evidence was added to the claim file during a period of time when new evidence was not allowed. The Board may not consider this evidence in this decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to an effective date prior to June 8, 2018, for the grant of service connection for tinnitus is denied. 

Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400 (emphasis added). 

Prior to March 24, 2015, a claim was a formal or informal communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit. 38 C.F.R. § 3.1(p). The essential elements for any claim, whether formal or informal, were: (1) intent to apply for benefits; (2) identification of the benefits sought; and (3) communication in writing. Brokowski v. Shinseki, 23 Vet. App. 79, 84 (2009).

From March 24, 2015, a claim for benefits must be filed on a designated VA form. See 38 C.F.R. § 3.1(p). However, an effective date may be preserved if the Veteran files a proper intent to file a claim that is followed by a formal claim within one year. See 38 C.F.R. § 3.155.

The Veteran asserts that the effective date for the grant of service connection for tinnitus should be prior to June 8, 2018, but he does not specify what earlier date should be assigned.

Regardless, the record shows that the Veteran first filed a claim for service connection for tinnitus in May 2007, which was denied in a November 2007 rating decision. That rating decision also addressed other issues that the Veteran appealed in a February 2008 notice of disagreement. He did not file a notice of disagreement with respect to the denial of service connection for tinnitus. Additionally, no new and material evidence was received within one year of that decision. Accordingly, that decision became final and the Veteran cannot be assigned an effective date prior to that claim, even if he had tinnitus prior to that decision. Thus, the threshold question for this matter is when VA first received a new claim of service connection for tinnitus after the November 2007 rating decision.

A review of the file shows that after the November 2007 rating decision, there is no evidence the Veteran intended to file a disability compensation claim relating to his tinnitus prior to the intent to file a claim received on June 8, 2018, which was followed by the formal claim received on November 19, 2018. Consequently, regardless of when the Veteran's tinnitus first manifested, there is no basis for awarding an effective date prior to June 8, 2018 (the date VA received the intent to file), for the grant of service connection for tinnitus, and the issue must be denied.

 

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Matta, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.